```
 1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Roger L. Zissu (Admitted pro hac vice)
 2  James D. Weinberger (Admitted pro hac vice)
    Justin Deabler (Admitted pro hac vice)
 3  866 United Nations Plaza
    New York, New York 10017
 4  Telephone: 212-813-5900
    Fax:       212-813-5901
 5
    PERKINS LAW OFFICE, P.C.
 6  Patrick T. Perkins (admitted pro hac vice)
    1711 Route 9D
 7  Cold Spring, New York 10516
    Telephone: 845-265-2820
 8  Fax:       845-265-2819

 9  WEISSMANN WOLFF BERGMAN
      COLEMAN GRODIN & EVALL LLP
10  Michael Bergman (SBN 37797)
    Anjani Mandavia (SBN 94092)
11  Adam Hagen (SBN 218021)
    9665 Wilshire Boulevard, Ninth Floor
12  Beverly Hills, California 90212
    Telephone: 310-858-7888
13  Fax:       310-550-7191

14  Attorneys for Defendants/Counterclaimant
```

FILED
CLERK U.S. DISTRICT COURT
APR - 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

SCANNED

Priority
Send      ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br>vs.<br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br>Defendants. | Case Nos. [Consolidated for Discovery]:<br><br>CV 04-8400 RSWL (RZx)<br>CV 04-8776 RSWL (RZx)<br><br>Hon. Ronald S.W. Lew, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J. |
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br>vs.<br>TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10,<br>Defendants. | **STIPULATION RE:** ~~PROPOSED~~ **PROTECTIVE ORDER**<br><br>DOCKETED ON CM<br>APR - 5 2006<br>BY MG |
| AND RELATED COUNTERCLAIMS | |

STIPULATION RE: PROTECTIVE ORDER

1    Plaintiffs/counterclaim-defendants Joanne Siegel and Laura Siegel Larson
2 (collectively "Plaintiffs"), and defendants Warner Brothers Entertainment Inc., Time
3 Warner Inc. and Warner Brothers Television Production Inc. and
4 defendant/counterclaimant DC Comics Inc. (collectively, "Defendants"), by and
5 through their respective counsel of record, hereby stipulate as follows:
6    WHEREAS, these actions (consolidated for discovery purposes only) relate to
7 Plaintiffs' alleged terminations pursuant to section 304(c) of the United States
8 Copyright Act of a number of copyright grants relating to "Superman" (Case No.
9 CV-04-8400) and "Superboy" (Case No. CV-04-8776) thereby entitling them to
10 relief, including but not limited to, an accounting of profits from Defendants'
11 exploitation thereof;
12    WHEREAS, Plaintiffs in the actions have requested in discovery the
13 production of documents, a portion of which in Defendants' view are highly
14 sensitive and confidential, the dissemination of which could be commercially
15 damaging to them;
16    WHEREAS, Plaintiffs have expressed a willingness to accommodate
17 Defendants' concerns about confidentiality;
18    WHEREAS, the parties negotiated and agreed upon a mutually acceptable
19 stipulated protective order, which sought to balance (a) Defendants' concerns about
20 confidentiality, (b) Plaintiffs' concerns about access to documents and any burdens
21 associated with the use of Defendants' confidential documents in these actions, and
22 (c) the need expressed by courts in this circuit to allow public access to documents
23 filed in pending litigation. Notably, the parties' originally proposed protective order
24 did not provide for automatic sealing of any documents designated as confidential,
25 but incorporated a mechanism by which the parties must advise each other in
26 advance of filing any confidential document to give the producing party an
27 opportunity to seek a sealing order pursuant to Local Rule 79-5;
28

1     WHEREAS, the parties believe that there was thus good cause for entry of this protective order pursuant to Fed. R. Civ. P. 26(c);

    WHEREAS, the parties lodged their proposed protective order to the Court for approval on February 7, 2006;

    WHEREAS, the Honorable Ralph Zarefsky, U.S. Magistrate Judge, by order entered February 16, 2006, denied the parties' proposed protective order on the grounds that (a) the parties had not shown good cause justifying its entry pursuant to Fed. R. Civ. P. 26(c) and (b) that documents to be designated confidential were not identified with particularity;

    WHEREAS, in accordance with and based upon the Court's February 16, 2006 Order, the parties have revised paragraph 4 of their proposed protective order, a copy of which is attached as Exhibit 1 to this Stipulation, to narrow the definition of documents which may be designated confidential by the parties;

    WHEREAS, the revised proposed protective order *does not provide for automatic sealing of any documents designated as confidential*, but merely incorporates a mechanism by which the parties must advise each other in advance of filing any confidential document to give the producing party an opportunity to seek a sealing order pursuant to Local Rule 79-5;

    WHEREAS, all other aspects of the proposed protective order lodged with the Court on February 7, 2006 remain the same; and

    WHEREAS, the parties believe, for the reasons set forth herein, that good cause exists for entry of the revised protective order attached as Exhibit 1 hereto pursuant to Fed. R. Civ. P. 26(c).

///

///

///

1  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject
2  to the approval of the Court, that the proposed protective order attached hereto as
3  Exhibit 1 be entered by the Court.
4  Respectfully submitted,

5  DATED: _April 3_, 2006      FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                Roger L. Zissu
6                               James D. Weinberger
                                Justin Deabler

7                               PERKINS LAW OFFICE, P.C.
8                               Patrick T. Perkins

9                                        -and-

10                              WEISSMANN WOLFF BERGMAN
                                   COLEMAN GRODIN & EVALL LLP
11                              Michael Bergman
                                Anjani Mandavia
12                              Adam Hagen

13
14                              By: _____
                                    Anjani Mandavia
15
                                Attorneys for Defendants and Counterclaimant
16
   DATED: _March 31_, 2006      LAW OFFICES OF MARC TOBEROFF, PLC
17                              Marc Toberoff
                                Nicholas C. Williamson
18

19                              By: _____
20                                  Marc Toberoff

21                              Attorneys for Plaintiffs/Counterclaim-
                                Defendants
22
   **SO ORDERED:**
23
24      RONALD S.W. LEW
25  ~~Ralph Zaretsky, U.S.M.J.~~
26  Ronald S.W. Lew
27  U.S. District Judge
28

4

STIPULATION RE: PROTECTIVE ORDER




**EXHIBIT 1**

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted pro hac vice)
James D. Weinberger (Admitted pro hac vice)
Justin Deabler (Admitted pro hac vice)
866 United Nations Plaza
New York, New York 10017
Telephone: 212-813-5900
Fax:       212-813-5901

PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (admitted pro hac vice)
1711 Route 9D
Cold Spring, New York 10516
Telephone: 845-265-2820
Fax:       845-265-2819

WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP
Michael Bergman (SBN 37797)
Anjani Mandavia (SBN 94092)
Adam Hagen (SBN 218021)
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: 310-858-7888
Fax:       310-550-7191

Attorneys for Defendants/Counterclaimant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br>　　　　Plaintiffs,<br>　vs.<br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br>　　　　Defendants. | Case Nos. [Consolidated for Discovery]:<br><br>04-8400 RSWL (RZx)<br>04-8776 RSWL (RZx)<br><br>Hon. Ronald S.W. Lew, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J. |
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br>　　　　Plaintiffs,<br>　vs.<br>TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10,<br>　　　　Defendants. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIMS | |

Plaintiffs/counterclaim-defendants Joanne Siegel and Laura Siegel Larson, and defendants Warner Brothers Entertainment Inc., Time Warner Inc. and Warner Brothers Television Production Inc. and defendant/counterclaimant DC Comics Inc., by and through their respective counsel of record, hereby stipulate to and jointly request that the Court enter a Protective Order governing this consolidated action as follows:

1. For purposes of this Order, a "Writing" means any tangible expression or communication – however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology – including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence.

2. For purposes of this Order, a "Document Production" means the production of any Writing by any party or non-party witness pursuant to any procedure set forth in the Federal Rules of Civil Procedure, including, without limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice pursuant to Rule 30, any request for production of documents pursuant to Rule 34, and any subpoena pursuant to Rule 45.

3. Except as provided in Paragraph 13 below, each Writing produced by any party or non-party witness in any Document Production – whether or not designated "CONFIDENTIAL" pursuant to Paragraph 4 below – shall be used solely for purposes of this action.

4. Except as provided in Paragraph 13 below, the additional provisions of this Order shall apply to (1) any Writing produced in any Document Production by any party or non-party witness marked as "CONFIDENTIAL," and (2) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as "CONFIDENTIAL" and so notifies all other parties within twenty-one days (21) days of its production, in which case the original and all copies of the Writing shall be promptly marked "CONFIDENTIAL." The following categories of documents may be marked as "CONFIDENTIAL": (i)

documents containing non-public commercially sensitive, confidential financial information, including reports, records and projections; (ii) documents including financial and developmental information that would assist a competitor; (iii) unpublished creative materials, such as scripts, artwork and the like; (iv) non-public, private agreements, Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; and (v) information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement). Such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes:

    (a)    the Writing contains confidential proprietary information; <u>or</u>

    (b)    disclosure of such commercially sensitive Writing could reasonably harm competitive advantage, or foster a competitive disadvantage; <u>or</u>

    (c)    the disclosure of such confidential Writing could impair or disrupt future or current business relationships.

Any such Writing, and every copy thereof, is referred to herein as a "Protected Writing."

5. The following persons are collectively referred to herein as "Covered Recipients":

    a.    A party to this action, and each of her or its agents and employees;

    b.    Counsel for a party to this action and such counsel's support employees;

    c.    A deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any party to this action to have relevant knowledge or information, that person's counsel, and such counsel's support employees;

      d.    An expert witness, consultant, or investigator engaged by a party to this action and that person's support employees;

      e.    The Court and its support employees;

      f.    A mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees;

      g.    A court reporter transcribing any proceeding in this action and that person's support employees; and

      h.    Any other person as to whom all parties agree in writing.

6. Except as expressly permitted by this Order, neither a Protected Writing nor any of its contents shall ever be viewed by or disclosed to, directly or indirectly, any person who is not a Covered Recipient. Except as required by law or pursuant to subpoena, no Covered Recipient shall ever disclose to any person who is not a Covered Recipient, directly or indirectly, the existence or contents of any Protected Writing. A Protected Writing may be viewed by or disclosed to a Covered Recipient solely for purposes of and as is necessary for these related actions.

7. Notwithstanding any other provision herein, a Protected Writing may be filed or lodged with the Court or offered as evidence at trial in this action without placing the Protected Writing under seal, unless the Court grants an order permitting the Protected Writing to be filed under seal pursuant to Local Rule 79-5. Counsel for any party that intends to file or lodge with the Court any Protected Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such use, endeavor in good faith to notify counsel for all other parties and (as applicable) any non-party witness that produced the Protected Writing of such intended use sufficiently early to permit any party to file and obtain a ruling on a motion for a sealing order pursuant to Local Rule 79-5.

8. Except solely for a Covered Recipient who is (1) a party to this action, her or its counsel, or such counsel's support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or

that person's support employee, or (4) the Court or its support employee, prior to the disclosure of any Protected Writing or any of its contents to a Covered Recipient, that Covered Recipient shall be given a copy of this Order and shall execute a Certificate of Compliance in the form of Exhibit A hereto.

9. If a Protected Writing is marked and attached as an exhibit to a deposition transcript, then that portion of the transcript discussing or disclosing information contained in the Protected Writing shall be designated as "Confidential" pursuant to the terms of this Order.

10. Except as provided in Paragraph 13 below, no copy shall be made of any Protected Writing except for use in and as is necessary for this action. Promptly following the conclusion of this action, the original and all copies of each Protected Writing shall be destroyed or returned to counsel for the party or non-party witness that produced it, provided, however, that counsel for any party to this action may permanently retain one copy of each Protected Writing, and the original and one copy of each pleading, brief, deposition transcript, and exhibit which attaches or includes any Protected Writing, for insurance, tax, risk management, or archival purposes.

11. If any party to this action believes that any Writing designated by another party (the "Designating Party") hereunder as CONFIDENTIAL does not reasonably merit such designation (the "Objecting Party") it may inform the Designating Party of such by written notice stating with particularity for each challenged Writing the grounds why such designation is improper hereunder. The parties will promptly confer pursuant to Local Rule 37-1 regarding such notice in a good faith effort to resolve the matter. However, if an agreement is not reached within seven (7) days from the Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a Local Rule 37-1 joint stipulation on a motion for a protective order regarding the designation(s) in question. The

challenged CONFIDENTIAL designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order pursuant to Local Rule 37-1 or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.

12. The Court will retain jurisdiction over all persons necessary to enforce this Order, and to modify this Order upon the application and demonstration of good cause by any person, even after the termination of these related actions. The Court may impose a monetary sanction against any person who willfully violates this Order in an amount which the Court deems appropriate. Additionally, if any person threatens to violate any provision of this Order, then any potentially aggrieved person may apply to the Court for injunctive relief and the respondent shall not assert as a defense that the potentially aggrieved person has an adequate remedy at law.

13. Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order, this Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Writing, (2) a waiver of any objection to the production or use of any Writing on grounds of confidentiality or otherwise, (3) a ruling requiring the production of any Writing, (4) a limitation on the right of any party to disclose a Protected Writing to any person who authored that Writing, or (5) a limitation on the right of any party or non-party witness to use in this action or otherwise any Writing that she or it authored or obtained in any manner other than through a Document /// Production, even if an original or duplicate of that Writing is produced in a Document Production.

10

STIPULATED PROTECTIVE ORDER

Case 2:04-cv-08776-SGL-RZ   Document 87   Filed 04/05/2006   Page 12 of 15

DATED: April 3, 2006

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu
James D. Weinberger
Justin Deabler

PERKINS LAW OFFICE, P.C.
Patrick T. Perkins

-and-

WEISSMANN WOLFF BERGMAN
   COLEMAN GRODIN & EVALL LLP
Michael Bergman
Anjani Mandavia
Adam Hagen

By: /s/ Anjani Mandavia

Attorneys for Defendants and Counterclaimant

DATED: March 31, 2006

LAW OFFICES OF MARC TOBEROFF, PLC
Marc Toberoff
Nicholas C. Williamson

By: /s/ Marc Toberoff

Attorneys for Plaintiffs/Counterclaim-Defendants

**SO ORDERED:**

_____
Ralph Zarefsky, U.S.M.J.

11

SCANNED

**EXHIBIT A**

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE

I, _____, certify that I have received a copy of the Protective Order entered by the United States District Court for the Central District of California (the "Court") in the consolidated action entitled, "*Joanne Siegel v. Warner Bros. Entertainment Inc., et al*," Case Nos. 04-8400 and 04-8776 RSWL (RZx) (the "Protective Order").

I further certify that I have read and understand each provision of the Protective Order, that I agree to be bound by each of those provisions, and that I irrevocably submit to the jurisdiction of the Court for the purpose of securing compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

_____

I:\jweinberger\dcc\Siegel Litigation\Pleadings\04cv8400\060324-0425344-Stipulation re Proposed Protective Order-jdw.doc

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 9665 Wilshire Blvd, Ninth Floor, Beverly Hills, California 90212. On the date shown below, I served the documents described as: **STIPULATION RE: PROPOSED PROTECTIVE ORDER** on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Marc Toberoff
Law Offices of Marc Toberoff, PLC
1999 Avenue of the Stars, Suite 1540
Los Angeles, CA 90067
**Fax No.: (310) 246-3101**

**XX**  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  (FACSIMILE SERVICE) I caused such document to be transmitted via facsimile to the offices of the addressees at the numbers listed above.

___  (PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressees above.

___  (BY FEDERAL EXPRESS) I caused a copy of such document(s) to be delivered to the offices of the addressee(s) via Federal Express, next business day delivery service.

Executed on **April 4, 2006**, at Beverly Hills, California.

___  **STATE**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**XX**  **FEDERAL**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Janet Andre