
**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-08776-SGL (RZx)                                    Date: July 11, 2007

Title:   JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -v- TIME WARNER INC., a corporation; WARNER COMMUNICATIONS INC., a corporation; WARNER BROS. ENTERTAINMENT INC, a corporation; WARNER BROTHERS TELEVISION PRODUCTION INC., a corporation; DC COMICS, a general partnership; DOES 1-10

=================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                         None Present
Courtroom Deputy Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                       None present

PROCEEDINGS:   ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING

Presently before the Court is defendants' <u>ex parte</u> application to continue the hearing date on the parties' cross-motions for partial summary judgment currently scheduled for July 23, 2007, to September 17, 2007. The basis for the request is "lead trial counsel for defendants," Michael Bergman, is in the midst of a four-week trial in Los Angeles County Superior Court that started July 9, 2007, and for which counsel had not anticipated taking place earlier (indeed he was not informed the matter was going to trial until two weeks ago) as the matter "had been trailing on the long-cause calender since April of this year." (Mot. Continuance at 1). The length of requested continuance, however, is not explained by the trial in the state court matter alone; that trial would conclude sometime in the beginning of August. Defendants explain that the need to move the hearing into September arises from the additional fact that Mr. Bergman and his wife plan to move to a new home and must vacate their current home by August 31, 2007. (Michael Bergman Decl. ¶ 7). Mr. Bergman plans on taking all the month of August off to assist his wife with the burden of preparing for the move. (<u>Id</u>.).

MINUTES FORM 90                                    Initials of Deputy Clerk  jh
CIVIL -- GEN



Dockets.Justia.co

Plaintiffs do not oppose continuing the hearing on the parties' cross-motions, but object to the length of the suggested continuance. They rightfully note that the trial date in this matter, for a case which was filed three years ago in 2004, has already been continued twice and are concerned that granting the nearly two month continuance sought by defendants would necessitate yet a further extension of the scheduled dates in this matter. (Pls' Opp. at 1). Defendants themselves concede that if the hearing on the cross-motions is continued into September that may necessitate "mov[ing] any other current pretrial dates." (Michael Bergman Decl. ¶ 10).

For good cause shown, the Court **GRANTS** defendants' ex parte application to continue the July 23, 2007, hearing date. However, the hearing on the parties' cross-motions is continued to August 13, 2007, at 10:00 a.m. in Courtroom One, a date well after when the state court trial should be concluded.

Although the Court is sympathetic to defense counsel's desire to assist his wife in packing their property and personal effects in preparation for their August 31, 2007, move, requiring defense counsel to appear for a hearing will only minimally inconvenience counsel's desire to assist his wife. Counsel will be away from his home for a single day and while he may need to prepare for the hearing ahead of time (preparation which the Court safely assumes counsel had already started to engage in before filing this ex parte if not simply through the process of drafting the pleadings involved in the cross-motions) such preparation the Court believes will not be unduly burdensome or time consuming. This (the minimal inconvenience from holding the hearing on August 13) is especially important given that the alternative proposed by defense counsel would have lead to a further extension of the previously scheduled dates in this matter — dates that have already been extended on two separate occasions.

The continuance of the hearing date on the parties' cross-motions for partial summary judgment does not affect the previously set dates in this case.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                    2                          Initials of Deputy Clerk __jh__