JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1-10,<br><br>　　　　　Defendants and Counterclaimants. | Case No.  CV 04-8776 ODW (RZx)<br><br>**FINAL JUDGMENT IN THE *SIEGEL* SUPERBOY CASE**<br><br>The Hon. Otis D. Wright II |

FINAL JUDGMENT

**JUDGMENT**

On January 10, 2013, the United States Court of Appeals for the Ninth Circuit reversed Judge Larson's March 26, 2008 partial summary-judgment order and held that, "as a matter of law," Plaintiff Laura Siegel Larson (referred to herein in her individual capacity and as personal representative of the Estate of Joanne Siegel as "Larson") entered into an enforceable settlement agreement with Defendants (collectively, "DC") on October 19, 2001. *Larson v. Warner Bros. Entm't Inc.*, Nos. 11-55863, 11-56034, 2013 WL 1113259, at *1 (9th Cir. Jan. 10, 2013). "Statements from the attorneys for both parties establish that the parties had undertaken years of negotiations . . . , and that the letter" sent by Larson's attorney, Kevin Marks, on October 19, 2001, "accurately reflected the material terms they had orally agreed to." *Id.* The Ninth Circuit directed this Court to "reconsider DC's third and fourth counterclaims" in the related *Siegel* Superman case—which mirror DC's Third and Fourth Counterclaims in this *Siegel* Superboy case—"in light of [its] holding that the October 19, 2001, letter created an agreement." *Id.* at *2.

Consistent with this Court's March 20 and April 18, 2013 Orders collectively granting DC's February 7, 2013 Motion for Summary Judgment (ECF Nos. 235, 242), this Court may now enter final judgment in DC's favor in two of three long-running Superman cases presently before this Court:  (1) the above-entitled "*Siegel* Superboy" case, Case No. CV-04-8776; and (2) the related "*Siegel* Superman" case, Case No. CV-04-8400 (addressed in a separate Final Judgment filed concurrently herewith). In the parties' October 19, 2001 settlement agreement, Larson (and her family) "transfer[red] all of [their] rights" to DC, "resulting in 100% ownership to D.C. Comics." Declaration of Daniel M. Petrocelli ("Petrocelli Decl.") Ex. B, at 21; *Larson*, 2013 WL 1113259, at *1.  This complete transfer bars Larson's remaining claims in this case and entitles DC to judgment on its Fourth Counterclaim in this case, which seeks a declaration confirming the October 19,

2001 settlement agreement against Larson. DC's remaining counterclaims are dismissed, without prejudice, as moot. Therefore:

A. Larson's Claims

IT IS ORDERED AND ADJUDGED that Larson's First Claim for Relief, for "Copyright Infringement," is DENIED, and judgment is hereby entered in DC's favor and against Larson on this claim. *See also* DN 151 at 62; 175 at 1; Sept. 17, 2007 Hr'g Tr. at 4:6-5:4, 27:21-22.

IT IS FURTHER ORDERED AND ADJUDGED that Larson's Second Claim for Relief, for "Declaratory Relief re: Termination," is DENIED, and judgment is hereby entered in DC's favor and against Larson on this claim. *See also* DN 170, 560.

IT IS FURTHER ORDERED AND ADJUDGED that Larson's Third Claim for Relief, for "Violation of the Lanham Act § 43(a)(1)(B)," is DENIED, and judgment is hereby entered in DC's favor and against Larson on this claim. *See also* DN 174, 560.

IT IS FURTHER ORDERED AND ADJUDGED that Larson's Fourth Claim for Relief, for "Violation of California Business and Professions Code, §§ 17200 *et seq.*," is DENIED, and judgment is hereby entered in DC's favor and against Larson on this claim. *See also* DN 174, 560.

IT IS FURTHER ORDERED AND ADJUDGED that Larson's Fifth Claim for Relief, for "Injunctive Relief," is DENIED, and judgment is hereby entered in DC's favor and against Larson on this claim. *See also* DN 174, 560.

B. DC's Counterclaims

IT IS ORDERED AND ADJUDGED that DC's Fourth Counterclaim, for "Declaratory Relief Regarding the [2001 Settlement] Agreement," is GRANTED, and judgment is hereby entered in DC's favor and against Larson on this counterclaim. The Court declares that, under the parties' October 19, 2001 settlement agreement, Larson and her family transferred to DC, worldwide and in

perpetuity, any and all rights, title, and interest, including all copyright interests, that they may have in Superman, Superboy, and Spectre. Petrocelli Decl. Ex. B, at 19, 21; *Larson*, 2013 WL 1113259, at *1–2.

    IT IS ACCORDINGLY FURTHER ORDERED that DC's First, Second, Third, Fifth, and Sixth Counterclaims are DISMISSED, WITHOUT PREJUDICE, AS MOOT.

    IT IS SO ORDERED.

Dated: April 18, 2013

                                               Honorable Otis D. Wright, II
                                               Judge, United States District Court

OMM_US:71285795