Marc Toberoff (State Bar No. 188547)
  *mtoberoff@toberoffandassociates.com*
Keith G. Adams (State Bar No. 240497)
  *kadams@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California, 90265
Telephone:   (310) 246-3333
Fax:            (310) 246-3101

Attorneys for Plaintiff-Counterclaim
Defendant, Laura Siegel Larson,
individually and as personal representative
of the Estate of Joanne Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, <br><br> Plaintiff, <br><br> v. <br><br> WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10, <br><br> Defendants and Counterclaimants. | Case No: 04-CV-08400 ODW (RZx) <br> Case No: 04-CV-08776 ODW (RZx) <br><br> Hon. Otis D. Wright II, U.S.D.J. <br> Hon. Ralph Zarefsky, U.S.M.J. <br><br> **PLAINTIFF'S NOTICE OF AMENDED JUDGEMENT RE: DEFENDANTS' APPLICATION TO TAX COSTS** <br><br> Date:  May 17, 2013 (hearing vacated) <br> Time:      -- <br> Place:     -- |
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1-10, <br><br> Defendants and Counterclaimants. | |

# TABLE OF CONTENTS

**1.**   **The Court Entered An Amended Judgment On July 18, 2013 Granting Both Plaintiff's and Defendants' Claims**………..………..………1

**2.**   **Given Such A "Mixed Judgment" It Is Common And Appropriate For The Parties To Bear Their Own Costs**…………………….……………... 2

**3.**   **Defendants Failed To Timely Submit Any Bill of Costs In Connection With The Correct Judgment**…………….……………………………… 4

**4.**   **Under the Amended Judgment, Equitable Considerations Weigh Against Taxing Plaintiff With Defendants' Costs**…………….…….……… 5

# TABLE OF AUTHORITIES

## Cases

*Amarel v.Connell*,
102 F. 3d 1494, 1523 (9th. 1996) .................................................. 2, 5

*Bally Techs. Inc. v. Business Intelligence Sys. Solutions*,
2013 U.S. Dist. LEXIS 33152 at *4-5 (D. Nev. Mar. 8, 2013) .......................... 2

*Champion Produce, Inc. v. Ruby Robinson Co.*,
342 F. 3d 1016, 1022 (9th Cir. 2003) .................................................. 5

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,
2006 U.S. Dist. LEXIS 95610 at *29-30 (C.D. Cal. Dec. 12, 2006)................... 4

*Cunningham v. County of Los Angeles*,
879 F. 2d 481, 490 (9th Cir. 1988) .................................................. 4

*Farmer v. Arabian Am. Oil Co*
379 U.S. 227, 235 (1964) .................................................. 6

*Exxon Valdez v. Exxon Mobil Corp.*,
568 F. 3d 1077, 1082 (9th Cir. 2009) .................................................. 2

*Gavoni v. Dobbs House, Inc.*,
164 F. 3d 1071, 1075 (7th Cir. 1999) .................................................. 2

*Goldsmith v. Murphy*,
2005 WL 442230, at *11 (N.D. Ill. Feb. 22, 2005) .................................................. 2

*Howell Petroleum Corp. v. Samson Res. Co*,
93 F.2d 778, 783 (10th Cir. 1985)………………………………………….2

*Johnson v. Nordstrom-Larpenteur Agency, Inc.*,
623 F. 2d 1279, 1282 (8th Cir. 1980) .................................................. 2

*K-S-H Plastics, Inc. v. Carolite, Inc.*,
408 F. 2d 54, 14 (9th Cir. 1969) .................................................. 3

*Leeds & Northrup Co. v. Doble Engineering Co,*,
41 F. Supp. 951, 952 (D Mass. 1941).................................................. 3

*Quan v. Computer Scis. Corp.*,
623 F. 3d 870, 888-889 (9th Cir. 2010) .................................................. 5

*RD Legal Funding, LLC v. Erwin & Balingit, LLP*
2011 U.S. Dist. LEXIS 2137 at *13 (S.D. Cal. Dec. 12, 2006) ........................ 4

*Rebel Distribs. Corp. v. Devos, Ltd.*,
2010 U.S. App. LEXIS 8048 at *5 (9th Cir. 2010) .................................................. 2

*Shum v. Intel Corp.*,
682 F. Supp. 2d 992, 12-13 (N.D Cal. 2009) .................................................. 3

*Testa v. Village of Mundelein,*
89 F.3d 443, 447 (7th Cir. 1996) ............................................................... 2

*Three-Seventy Leasing Corp. v. Ampex Corp.,*
528 F. 2d 993, 999 (5th Cir. 1976) ............................................................. 2

*U.S. v. Terminal Transport Co.,*
633 F. 2d 1016, 1012 (5th Cir. 1981) ........................................................ 3

*United States ex rel. Western Gunite v. Safeco Ins. Co. of Am.,*
1997 U.S. App. LEXIS 13864 at *6 (9th Cir. 1997) .................................. 2

**<u>Statutes and Rules</u>**

Fed. R. Civ. P. 54(d)…………………………………………………………… *passim*

C.D. Cal. L.R. 54…………………………………………………………….. *passim*

F.R.A.P. 39(a)………………………………………………………………….2

1

### 1. The Court Entered An Amended Judgment On June 18, 2013 Granting Both Plaintiff's and Defendants' Claims

On June 18, 2013, the Court issued an Order (Superman case (04-CV-8400), Dkt 734; Superboy case (04-CV-8776), Dkt 253) granting in part Plaintiff's Motion to Amend the Judgment (Superman, Dkt 731; Superboy, Dkt. 250).

Pursuant to the Order the Court thereafter issued an amended judgment on June 18, 2013 (the "Amended Judgment," Superman, Dkt. 735; Superboy, Dkt. 254) wherein it GRANTED Plaintiff's First Claim in the Superman case for a declaration that Plaintiff's notices of termination under the Copyright Act, 17 U.S.C. § 304(c) were valid and effective as to Siegel and Shuster's original Superman story published in *Action Comics*, No. 1, and their early Superman stories published in *Action Comics*, No. 4, *Superman*, No. 1(pages 3-6) and Superman's origin story in the first two weeks of the Superman newspaper strips, and judgment was entered in favor of Plaintiff in accordance therewith. *See also* "Superman" case, Dkt. 293, 560.

The Amended Judgment further ordered and adjudged that DCs First Counterclaim, for a declaration that Plaintiff's Superman and Superboy termination notices were invalid "is DENIED WITH PREJUDICE in its entirety in the Superman case and as to Parts (1), (2), and (5) in the Superboy case." Dkts. 735, 254. The Amended Judgment further ordered and adjudged that "DC's Second Counterclaim, For Declaration That Any Claim By The Siegels For Co-Ownership Of Superman (Including Its Derivative Superboy) Is Barred By The Statute Of Limitations, is DENIED WITH PREJUDCE." *Id.*; *see also* Dkt. 293.

The Amended Judgment only GRANTED Defendants' Fourth Counterclaim, in part, in the Superman and Superboy cases, which sought a declaration that the parties had reached an agreement on October 19, 2001 relating to Plaintiff's recovered Superman and Superboy copyrights. Dkts. 735, 254.[1]

---

[1] Hereinafter, docket citations are to the "Superman" case (No. 04-CV-08400) unless otherwise noted.

PLAINTIFF'S NOTICE OF AMENDED JUDGMENT RE: DEFENDANTS' APPLICATION TO TAX COSTS

The Amended Judgment "dismissed, without prejudice, as moot" the remainder of Plaintiff's claims and Defendants' counterclaims in both the Superman and Superboy cases, respectively. *Id.*

## 2. Given Such A "Mixed Judgment," It Is Common And Appropriate For The Parties To Bear Their Own Costs

It is clear that the Amended Judgment is a "mixed judgment," unlike the superseded judgment on which DC submitted its Bill of Costs (Dkt. 725-1, "Bill"). In such situations it is both common place and appropriate for the parties to be required to bear their own costs. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (noting that "in the event of a mixed judgment, it is within the discretion of the district court to require each party to bear its own costs") *citing Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (affirming ruling that each party bear its own costs where plaintiff prevailed on one claim and defendant prevailed on another); *Rebel Distribs. Corp. v. Devos, Ltd.*, 2010 U.S. App. LEXIS 8048 at *5 (9th Cir., April 19, 2010)(with a "mixed judgment," court has broad discretion to require each side to bear its own costs); *United States ex rel. Western Gunite v. Safeco Ins. Co. of Am.*, 1997 U.S. App. LEXIS 13864, at *6   (9th  Cir. June 10, 1997)(same); *see also  Exxon Valdez v. Exxon Mobil Corp.*, 568 F.3d 1077, 1082 (9th Cir. 2009)(determining that due to mix result each side must bear its own costs).[2]

---

[2]  *See also Howell Petroleum Corp. v. Samson Res. Co*, 93 F.2d 778, 783 (10th Cir. 1985) "The court was within its discretion to refuse to award costs to a party which was only partly successful."); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) (noting that  courts have especially broad discretion to deny costs in mixed result cases); *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir.1980) *cert. denied* 449 U.S. 1042 (1980)(affirming that each party bear its own costs because plaintiff succeeded on one portion of her claims and defendant succeeded on its counterclaims); *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir.1976)(holding that Rule 54 (d) gives the court broad discretion to order that each party bear all or part of its own costs); *Bally Techs., Inc. v. Business Intelligence Sys. Solutions*, 2013 U.S. Dist. LEXIS 33152, at *4-5 (D. Nev. Mar. 8, 2013)(denying bill of costs in patent case based on mixed results judgment); *Goldsmith v. Murphy*, 2005 WL 442230, at *10-11 (N.D. Ill. Feb. 22, 2005)("In light of the mixed results of the instant case … each party will bear their own costs."); *see also* F.R.A.P. 39(a) (distinguishing between cases where there is a clear winner and cases involving a mixed result, where neither party wins everything).

In cases with mixed results, courts also commonly apportion costs to the claim(s) on which a party succeeds or courts significantly reduce a party's otherwise taxable costs to reflect its partial success.  *See K-S-H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54,14 (9th Cir. 1969), *cert. denied* 396 U.S. 825 (1969)(affirming district court's refusal to award full, otherwise taxable, costs due to mixed results); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 12-13(N.D. Cal. 2009) (in mixed results case defendant permitted to tax costs attributable to co-inventorship claim it prevailed on, not sole inventorship claim, on which it did not); *U.S. v. Terminal Transport Co. 633* F.2d 1016, 1020 (5th Cir. 1981)(reducing otherwise taxable costs by 50% because party prevailed on half its claims);  *Leeds & Northrup Co. v. Doble Engineering Co.,* 41 F. Supp. 951, 952 (D. Mass. 1941)(allowing costs on patent infringement claim, but excluding costs on unsuccessful attempt to invalidate patent).

The instant case focused on the validity and effect of Plaintiff's notices of termination under the Copyright Act.  Plaintiff claimed they were valid (First Claim, Dkt 378); Defendants claimed they were invalid (First Counterclaim, Dkt 646). Defendants expressly pled their Fourth Counterclaim (alleging an October 19, 2001 agreement) in the "alternative" only "[i]n the event that the [Plaintiffs'] Superman Notices … are deemed effective…".  *See* Dkt. 646 at 35.

Defendants tactically pled this way so as not to have to pay Plaintiff, under the alleged October 19, 2001 agreement or otherwise, if Plaintiff's termination notices were invalidated under Defendants' First Counterclaim.  *Id.*  Thus, if, contrary to the Amended Judgment, Plaintiff had lost her First Claim (and Defendants had prevailed on their First Counterclaim), Defendants, under their complaint, would owe Plaintiff nothing, as their Fourth Counterclaim was pled in the alternative to their First Counterclaim.  *Id.*  Because *both* Plaintiff's First Claim and Defendants' Fourth Counterclaim were granted, Defendant DC Comics, by its own account, owes Plaintiff millions under its alleged October 19, 2001 agreement.  *See e.g.*, Dkt. 702 at 4.  This is hardly the sweeping "victory" proclaimed by Defendants in the press and

in their obsolete costs application.  At best, this is a mixed result, which militates toward each side bearing their own costs or, at a minimum, the pro-rata reduction or apportionment to the Fourth Counterclaim, of those limited taxable costs for which Defendants have proper documentation (*see* Dkt. 728).

### 3. Defendants Failed To Timely Submit Any Bill of Costs In Connection With The Correct Judgment

Defendants' Bill must be denied as their Form CV-59 (Dkt. 725-1) refers to an incorrect judgment (Dkt 724), that was superseded by the very different Amended Judgment (Dkt. 725) entered on June 18, 2013.  Based on the obsolete judgment DC proclaimed it "has now prevailed on all claims on the two above entitled cases" (Dkt. 729 at 2) which, even then, was false, and under the Amended Judgment is irrational.

The Bill must also be denied because Defendants' failed to *timely* file a proper bill of costs under Local Rule 54-3 on Form CV-59 in connection with the applicable Amended Judgment "within fifteen (15) days after entry [there]of" (*i.e.*, by July 3, 2013), which deadline has elapsed.  Instead, Defendants kept silent because the Amended Judgment weighs heavily in favor of denying their Bill or substantially apportioning the already limited taxable costs recoverable by them (*see* Dkt. 728). *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 490  (9th Cir. 1988) ("failure to comply with the mandatory filing provisions of Central District Local Rule [] barred his recovery of [taxable] costs."); *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2011 U.S. Dist. LEXIS 2137, at *13 (S.D. Cal.  Jan. 10, 2011) ("Plaintiff has not timely filed a bill of costs…Accordingly, taxable costs are not recoverable …Its request for taxable costs ... is therefore denied."); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 2006 U.S. Dist. LEXIS 95610, at *29-30 (C.D. Cal. Dec. 12, 2006) ( "The Court Support Supervisor [] rejected the … Application to Tax Costs because it was not submitted within fifteen days of entry of the Judgment, thus violating Rule 54-3.  Plaintiff's failure to submit their application for costs in a timely manner bars their request.").

It is well settled that a party's bill of costs must provide and be reviewed in scrupulous detail.  *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) ("Items proposed by winning parties as costs should always be given careful scrutiny.").  Defendants' Bill should therefore be denied as it nowhere differentiates between costs allegedly incurred on the Fourth Counterclaim on which Defendants solely succeeded and costs incurred on the key First Claim and First and Second Counterclaims adjudged in *Plaintiff's* favor.  *See Amarel*, 102 F.3d at 1524 (acknowledging that costs should be apportioned, but that "it would be difficult at this juncture to separate the costs incurred on the Section 1 claim from those incurred on the Section 2 claim.").  Because a "mixed judgment" like the Amended Judgment often requires parties to bear their own costs, or necessitates the careful apportioning or sharp reduction of costs, Defendants' defective Bill based on a superseded judgment should be denied as it provides no reasonable basis to divine this.

> 4.   **Under the Amended Judgment, Equitable Considerations Weigh Against Taxing Plaintiff With Defendants' Costs**

In addition to all of the above, the Ninth Circuit has approved, without limitation, the following reasons as appropriate grounds for denying costs to even a prevailing party: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) ''the chilling effect of imposing . . . high costs on future . . . litigants,' as well as (4) whether 'the issues in the case were close and difficult;'' (5) whether 'the prevailing party's recovery was nominal or partial;' (6) whether 'the losing party litigated in good faith'; and (7) whether 'the case presented a landmark issue of national importance.'" *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888-889 (9th Cir. 2010) *quoting Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)(breach of contract case).

Under the Amended Judgment (where Plaintiff prevailed and Defendants lost on the central First Claim and First and Second Counterclaims) most, if not all, of these factors apply, strongly weighing against taxing Plaintiff with Defendants' costs.

The economic imbalance between Defendants, part of the world's largest media company, and Plaintiff, the daughter of Superman's co-creator, is extreme. Defendants should not be permitted to run up a "huge bill of costs" (*e.g.*, nearly $300,000 in supposed copying costs alone) and then use this as economic leverage against Plaintiff. *Farmer,* 379 U.S. at 235.  Here, where Plaintiff *successfully* upheld her termination rights under the Copyright Act (First Claim) the chilling effect of saddling similarly situated authors/heirs, who wish to enforce their statutory rights, with exorbitant costs like this, is even more apparent.  In addition, this case presented close and novel issues, litigated by Plaintiff in good faith, as demonstrated by the district court's 2008 summary judgment decision (including, in Plaintiff's favor, on the Fourth Counterclaim).  *See* Dkt. 293.  Finally, this is, to many, a landmark case of public importance given the strong legislative policies behind the rights at issue, its iconic subject matter, and the enormous attention it has garnered.

For all of the above reasons, DC's untimely Bill applicable to the wrong judgment should be denied.

Dated:  July 7, 2013

RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorney for Plaintiff, Laura Siegel Larson